UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DARNELL ALEXANDER, JR.,** | ) | CASE NO. 1:13CR345 |
| | ) | 1:20CV1034 |
| **Defendant-Petitioner,** | ) | |
| | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Plaintiff-Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Defendant Darnell Alexander asks this Court to vacate his conviction under 28 U.S.C. § 2255. (Doc. 2027). The Government disagrees, arguing Defendant's Motion to Vacate is time-barred, waived and meritless. (Doc. 2036). The Court agrees and **DENIES** Defendant's Motion to Vacate.

Defendant also asks the Court to reduce his sentence due to extraordinary and compelling reasons. (Docs. 2112 & 2133). The Government opposes the request. (Doc. 2136). Because the Court finds that no extraordinary and compelling reason exists for a sentence reduction, the Court **DENIES** Defendant's Motion to Reduce Sentence.

**I. BACKGROUND FACTS**

On September 11, 2013, a Grand Jury indicted Defendant on one count of Conspiracy to Possess with Intent to Distribute and to Distribute one kilogram or more of Heroin and three counts of Use of a Communication Facility to Facilitate a Drug Trafficking Offense. Defendant pleaded guilty. On July 7, 2015, the Court sentenced Defendant to 120 months incarceration, followed by 3 years of Supervised Release. Defendant did not appeal.

On or about May 12, 2020, Defendant filed his Motion to Vacate. (Doc. 2027). The Government opposed. (Doc. 2036). Defendant then asked the Court to take Judicial Notice (Doc. 2104) and filed a memorandum in support of his Motion to Vacate (Doc. 2108).

While Defendant's Motion to Vacate remained pending, Defendant moved pro se for immediate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 2112). The Court appointed counsel under the District's General Order and counsel supplemented on March 9, 2021. (Doc. 2133). Again, the Government opposed (Doc. 2136) and defense counsel filed a Reply (Doc. 2142). Needing more information, the Court requested the parties supplement Defendant's medical records. The Government did just that (Doc. 2148) and defense counsel filed a Supplemental Reply (Doc. 2150).

## II. LAW & ANALYSIS

A.  **Motion to Vacate**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Defendant has a one-year period of limitation running from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of the Untied States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and make retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Court issued its Judgment of conviction on July 9, 2015.  Defendant never appealed.  When no appeal is taken, a conviction becomes final when the time for filing a notice of appeal expires.  *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Thus, Defendant's conviction became final July 24, 2015.  He had one-year from that date, or until July 25, 2016,[1] to file for relief under § 2255.  Defendant filed his Motion on May 12, 2020, clearly beyond the allotted time-period.  And he makes no argument that the time-period should be different under either § 2255(f)(2), (3) or (4).

In fact, Defendant conspicuously omits any reference to the timeliness of his motion. The page containing reference to the statute of limitations in the form Defendant completed is missing.  (*See* Doc. 2027, PageID: 15788-89, jumping from page 12 to page 14).  Yet, instead of addressing the Government's timeliness argument, Defendant ignores the topic and proceeds to the merits.  (Doc. 2104).  The Court will not do the same.

Even if the Court were to look past the timeliness violation and Defendant's collateral attack waiver,[2] Defendant's request fails on the merits.  In Defendant's sole Ground for Relief, he argues he faced an "unjust enhancement" in light of the Sixth Circuit's decisions in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*) and *United States v. Powell*, 781 Fed. App'x 487 (6th Cir. July 22, 2019).  But the Sixth Circuit has already considered similar claims on collateral attack and denied them.  *See Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019). District courts have done the same.  *See United States v. Monroe*, 2020 WL 589044, at *4 (N.D. Ohio Feb. 5, 2020) (Gaughan, C.J.); *Gamble v. United States*, 2020 WL 475832, at *14 (W.D.

---

[1] July 24, 2016 was a Sunday.

[2] The Government also argues that Defendant waived his right to collaterally attack his sentence in the Plea Agreement.  (*See* Doc. 2036, PageID: 15897).  Again, Defendant does not address this argument.

- 3 -

Tenn. Jan. 29, 2020). The Court agrees and finds Defendant's sole Ground for Relief without merit.

**B.     Motion for Sentence Reduction**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, colloquially known as "compassionate release." *Id.* at § 3582(c)(1)(A).

Before requesting a reduction, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). The Government agrees that Defendant exhausted his administrative remedies. (Doc. 2136, PageID: 17240).

After a defendant exhausts his administrative remedies, he may ask the court for compassionate release. A district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

However, the Sixth Circuit determined that, when an imprisoned person files his own request for sentence reduction, there is no applicable policy statement. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). That is because the once-applicable policy statement— U.S.S.G. § 1B1.13—was rendered 'inapplicable' by the passage of the First Step Act and the Sentencing Commission's subsequent failure to update the policy statement. *Id.* at 1109-11. Therefore, federal courts may forgo consulting the policy statement and define 'extraordinary and compelling reasons' on their own. *Id.* at 1111.

---

[3] There is a second scenario that entitles a defendant to relief based on his age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

- 4 -

After *Jones* then, district courts must: 1) "find" that extraordinary and compelling reasons support a reduction; and 2) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* at 1101 (citing 18 U.S.C. § 3582(c)(1)(A)). Regarding the first finding, "district courts have discretion to define 'extraordinary and compelling' on their own initiative," *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021), but a defendant's rehabilitation alone is not enough. 28 U.S.C. § 994(t). And when it comes to the second consideration, a district court is "obligate[d] to provide reasons" for its decision, especially when the original sentencing judge and the compassionate release judge are different persons. *Jones*, 980 F.3d at 1112-13. Importantly however, "district courts may deny compassionate-release motions when any of the three perquisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court does not find that extraordinary and compelling reasons support Defendant's early release. Defendant relies on three primary reasons in support of his release: 1) the COVID-19 pandemic and his health conditions; 2) the Sixth Circuit's recent decisions that impact Defendant's career-offender designation; and 3) the failing health of his mother. While initially agreeing with Defendant's first reason, the Government changed its position in light of new facts, ultimately arguing that Defendant has not presented extraordinary and compelling reasons for a reduction.

The Court agrees with the Government. Defendant argues his obesity and borderline hypertension put him at risk of complications should he contract COVID-19. The Centers for

Disease Control and Prevention would seem to agree—both conditions can make it more likely to suffer severe illness from COVID-19.[4] But Defendant's health records tell a different story. Defendant is younger (37) and in relatively good health. While technically obese, it has not led to significant health problems while in custody. Moreover, Defendant already contracted COVID-19, ultimately having an asymptomatic experience. This alone belies his concern the virus may play on his health. Finally—and most importantly—Defendant recently received both doses of the COVID-19 vaccine to further protect himself against reinfection. Given all these considerations, Defendant's health and the pandemic are not extraordinary and compelling reasons for early release.

Neither is his mother's health. Defendant explains that his mother's health is declining and he would like to take care of her. As admirable as this may be, it is not an extraordinary and compelling reason to reduce Defendant's sentence. Defendant has siblings and other relatives yet makes no mention that they are unable to care for their mother. Without that showing, Defendant cannot use his mother's health to justify a reduction in sentence.

Finally, the Sixth Circuit "clarifications" to career-offender designations are not extraordinary and compelling. Defendant acknowledges that these rulings apply circuit-wide, impacting hundreds, if not thousands of prisoners. And the Sixth Circuit has said that prisoners cannot rely on these decisions to collaterally attack their sentence. For this reason, Defendant's Motion to Vacate fails, as discussed above. The Court will not allow Defendant to utilize § 3582(c)(1)(A) to do what his § 2255 motion could not.[5]

---

[4] Centers for Disease Control and Prevention, "People with Certain Medical Conditions," (updated Apr. 29, 2021), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html (last visited Apr. 30, 2021).

[5] The Court does acknowledge the relevancy of these decisions when considering the factors under 18 U.S.C. § 3553(a). But since Defendant has failed to present an extraordinary and compelling reason for a reduction, there is

- 7 -

Accordingly, Defendant has not presented an extraordinary and compelling reason for a sentence reduction, and the Court must deny Defendant's Motion.

### III. CONCLUSION

Defendant's Motion to Vacate (Doc. 2027) is both untimely and without merit and therefore **DENIED**. Defendant's Motion for Judicial Notice (Doc. 2104) is also **DENIED**. And since Defendant has failed to present an extraordinary and compelling reason for a reduction in his sentence, his Motion for Compassionate Release (Doc. 2112) is likewise **DENIED**.

**IT IS SO ORDERED.**

       s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO
Senior United States District Judge**

**Dated: May 4, 2021**

---

no reason to address the § 3553 factors at this time. *See Elias*, 984 F.3d at 519 (no need to address § 3553(a) factors if other prerequisites in § 3582(c)(1)(A) are lacking).